UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAROLYN HARPER** | : | **CIVIL ACTION NO. 2:16-cv-1266** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **ACADEMY OF TRAINING SCHOOL, LLC** and **PROGRESSIVE BUILDINGS, LLC** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion to Compel Discovery Responses [doc. 16] filed by Carolyn Harper ("plaintiff"). Academy of Training School, LLC and Progressive Buildings, LLC ("defendants") oppose the motion. Doc. 24. The plaintiff has not filed a reply and her time for doing so has passed. *See* doc. 19.

At issue in this motion is the adequacy of the defendants' response to the plaintiff's request for production of time sheets for the plaintiff. Doc. 24, pp. 1–2; *see* doc. 16; doc. 16, att. 6. The defendants state that, since the motion was filed, they have "produced to plaintiff all documents requested by plaintiff with the exception of three (3) time sheets for the period of January 1, 2016 through January 3, 2016." Doc. 24, pp. 1–2. They also state that plaintiff's counsel has informed them that he considers the documents submitted as time sheets are not responsive to the request and that he seeks "time sheets that plaintiff would submit on a weekly basis for the remittance of pay checks." *Id.* at 2.

Defendants contend that the sheets they have provided ("sign-in sheets"), which are daily logs showing each employee's time in and time out, "are an accurate log of the hours worked by plaintiff" for the time period requested and that they "accurately and fully reflect any and all time

worked by an employee on any given day." *Id.*; *see* doc. 24, att. 2 (sign-in sheet example). They state that the time sheets sought by plaintiff are logs filled out by employees on a weekly basis for the sole purpose of compensation, and that the time reflected on these sheets should match what the plaintiff provided on the daily sign-in sheets unless she inaccurately completed the weekly time sheet for payroll. Doc. 24, p. 3. Additionally, they note that the plaintiff was paid by salary rather than on an hourly basis, and so the fact that her weekly time sheets were for payroll "is of no consequence." *Id.* Finally, they state that they are not currently aware that they are in possession, control, or custody of the weekly time sheets or of daily sign-in sheets for January 1 through January 3, 2016.[1] *Id.*

Under Rule 34 of the Federal Rules of Civil Procedure, a party responding to a request for production is only required to produce materials in its possession, custody, or control. *See* FED. R. CIV. P. 34(a)(1). Furthermore, we cannot compel a party to produce something it does not have. As the plaintiff has submitted no reply, it appears that there is no rebuttal to the defendants' argument that they do not have the time sheets sought (or the daily sheets for the specified range) and have otherwise fulfilled the plaintiff's discovery requests. Accordingly, the motion is denied, subject to defendants' obligation to produce the time sheets if they are located.

THUS DONE AND SIGNED in Chambers this 9th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants state that the sign-in sheets from these dates were disposed of or otherwise destroyed by the unauthorized actions of a former employee, who was subsequently terminated. Doc. 24, p. 3.