UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAROLYN HARPER** | : | **CIVIL ACTION NO. 2:16-cv-1266** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **ACADEMY OF TRAINING SCHOOL, LLC** and **PROGRESSIVE BUILDINGS, LLC** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Reconsideration [doc. 28], filed by plaintiff Carolyn Harper in response to our ruling [doc. 25] denying her Motion to Compel Discovery Responses [doc. 16]. Academy of Training School, LLC and Progressive Buildings, LLC ("defendants") oppose the motion. Doc. 33.

### I.
#### BACKGROUND

In this suit the plaintiff, a licensed practical nurse and former employee of defendant Academy of Training School, LLC,[1] claims a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, based on the defendants' alleged failure to properly compensate her for the overtime hours she worked. Doc. 1. In the Motion to Compel [doc. 16], plaintiff sought production of time sheets showing her hours worked. Through their response, defendants stated that they had provided all of the documentation they had and that, while they believed they no longer possessed the weekly time sheets for most of the relevant dates, they did have and had produced daily sign-in

---

[1] Plaintiff alleges that her salary was paid by defendant Progressive Buildings, LLC, and that both defendant LLCs are owned by the same individual. Doc. 1, p. 2.

sheets, which they asserted were an accurate log of the hours worked by plaintiff. Doc. 24. They also maintained that, although plaintiff had indicated that she did not consider these sign-in sheets responsive, the data in those sheets should match with the time sheets sought by plaintiff unless she had misrepresented her hours worked. *Id.* Noting that the plaintiff had not filed a reply within the allotted time and that we could not compel the defendants to produce what they did not have, we denied the Motion to Compel in a ruling issued on August 9, 2017. Doc. 25.

Plaintiff filed his motion to reconsider later that same day, offering that the failure to file a reply was due to a good-faith error on counsel's part in misreading an electronic order that terminated a previously set trial date. Doc. 28, att. 1, p. 2. Plaintiff submitted an out of time reply to the Motion to Compel on the same day, arguing that the daily sign-in sheets are not responsive and requesting alternative relief under Rule 37(b) of the Federal Rules of Civil Procedure in the event that we find defendants are not able to produce the time sheets. Doc. 29. The defendants oppose the Motion to Reconsider. Doc. 33. They offer continuing opposition to the notion that they have not met their discovery obligations and that plaintiff is entitled to any alternative relief for their failure to produce the time sheets. *Id.*

## II.
### LAW & ANALYSIS

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). However, as plaintiff notes, when such motions challenge a prior judgment on the merits they are construed as motions to alter or amend under Rule 59(e) if served within ten days of the judgment, or otherwise as motions for relief from judgment under Rule 60(b). *Id.* Where the motion to reconsider relates to an interlocutory order, however, the motion is properly construed under Rule 59(e) regardless of

how much time has passed between the court's ruling and the motion for reconsideration.[2] *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 394 (E.D. La. 2016).

A motion filed under Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 394–95 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (alteration omitted). Although this motion is an extraordinary remedy "and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment," the district court has considerable discretion to grant or deny relief under Rule 59(e). *Roman v. Western Mfg., Inc.*, 2010 WL 5092977, *2 (W.D. La. Nov. 29, 2010) (citations omitted). A Rule 59(e) motion is properly granted when (1) an intervening change in controlling law has occurred, (2) new evidence has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Id.* (citing *Illinois Cent. R. Co. v. Harried*, 2010 WL 382323, *2 (S.D. Miss. Jan. 28, 2010).

Here the motion is not to correct any error on the part of the court or based on the discovery of new evidence, but rather to allow the court to consider the arguments plaintiff's counsel would have made had he filed his reply brief within the deadlines. *See* doc. 34, p. 3. As the defense notes, the deadline for filing a reply brief in this matter was unambiguous. *See* docs. 18, 19. Under these deadlines, the reply memorandum was due within ten days after filing of the response, fixing such deadline at Monday, August 7, 2017, after the response was filed on July 27, 2017, because the ten-day limit ended on a Sunday. Docs. 19, 24; *see* FED. R. CIV. P. 6(a). The plaintiff's reply was

---

[2] This conclusion was reached by the Eastern District of Louisiana in reliance on the Fifth Circuit's determination that "[i]nterlocutory orders . . . are not within the provisions of 60(b)." *Namer*, 314 F.R.D. at 394 (quoting *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701–02 (5th Cir. 2014)). It does not appear that any other court in the Western District of Louisiana has adopted this finding yet. However, as this motion was filed fewer than ten days after our order, it would be construed as a Rule 59(e) motion under either *Namer* or *Lavespere*.

submitted on August 9, 2017, the same day that this court issued its order denying the motion to compel.

A motion to reconsider is not available to allow plaintiff to avoid the ramifications of missing a deadline. Even if we had considered her opposition, however, the Motion to Compel would have nonetheless be denied as defendants replied that they did not possess the information sought and offered instead the complained-of time sheets which, admittedly, were not responsive to the information sought. We cannot compel production of something defendants do not have. To the extent that plaintiff seeks an affirmative statement that there are no time sheets in order to support a claim of records-keeping violations under 29 U.S.C. § 211(c), plaintiff may rely on the statements offered by defendants in their response to the motion to compel.

Insofar as plaintiff is granted no relief on the Motion to Compel, neither is she entitled to sanctions. We also note, however, that her claim for sanctions under Rule 37(b) would have been denied, even had her Motion to Compel been granted, as Rule 37(b) allows for sanctions when a party fails to obey discovery orders. *See* FED. R. CIV. P. 37(b)(2)(A). Plaintiff identified no order of this court requiring defendants to produce the time sheets.

### III.
#### CONCLUSION

Based on the foregoing, the Motion to Reconsider [doc. 28] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 13th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE