UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAROLYN HARPER** | : | **CIVIL ACTION NO. 16-1266** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **ACADEMY OF TRAINING SCHOOL, LLC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Compel Arbitration and to Dismiss or Alternately to Stay filed by defendants Academy of Training School, LLC and Progressive Buildings, LLC. Doc. 20. The motion is opposed by plaintiff Carolyn Harper. Doc. 31. For the reasons that follow the motion is **DENIED**.

### I.
#### BACKGROUND

Plaintiff filed suit against defendants alleging that they failed to pay her overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201, *et seq*. Doc. 1. Plaintiff worked for Academy of Training School, LLC as a licensed practical nurse from June 2011 until April 2016. Doc. 1, ¶¶ 8–9. When she originally applied for employment on May 4, 2011 she executed a "Terms of Employment Notice" which stated, in part:

> In signing this you agree that any controversy or claim arising out of or relating to your employment with this company shall be settled by arbitration administered by the American Arbitration Association under its Employment dispute Resolution Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Doc. 20, att. 3. Plaintiff signed another "Terms of Employment Notice" on December 21, 2011 which contained the exact same clause.[1] Doc. 20, att. 4. Again, on February 27, 2014, plaintiff executed a third "Terms of Employment Notice" which contained a similar clause:

> In signing this, you [] agree that any controversy or claim arising out of or relating to your employment with this company shall be settled by arbitration administered by the American Arbitration Association under its Employment Dispute Resolution Act.

Doc. 20, att. 5.

Suit proceeded in this court with plaintiff filing an amended complaint on October 6, 2016. Doc. 3. Defendants answered the original and amended complaints [docs. 4, 5] and the matter was set for jury trial. Doc. 10. Defendants filed a motion to extend expert deadlines [doc. 15] and plaintiff filed a motion to compel and a motion to extend the Daubert motion deadline. Doc. 17. The trial date was upset by the court due to pending motions and a scheduling conference is presently set to choose a new trial date. Doc. 18.

The motion before the court was filed on July 25, 2017, over 10 months after suit was originally filed. Doc. 20. In their motion, defendants maintain that the arbitration agreement that plaintiff signed should be enforced and the suit should be dismissed or stayed pending the decision by an arbitrator. Defendants acknowledge that they have responded to the complaint and that they have engaged in the discovery process, however, they assert that they did not become aware of the arbitration provision until plaintiff's deposition which took place on June 29, 2017.

In opposition to the motion plaintiff makes two arguments: (1) that there was never any agreement to arbitrate; and (2) that defendants have waived their right to compel arbitration. We will address each of these arguments in turn.

---

[1] It appears that this second notice was signed because plaintiff's pay was changed from $17/hour to $650/week.

## II.
### LAW AND ANALYSIS

*A. Did the parties execute a valid agreement to arbitrate?*

In order to determine whether a party may be compelled to arbitrate a dispute, courts should conduct a two-step inquiry. *Jones v. Halliburton Co.*, 583 F.3d 228, 233 (5th Cir.2009)(citation omitted). The first inquiry is whether the parties agreed to arbitrate the dispute in question. This question itself is broken down into two considerations: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement." *Id.* at 234 (citing *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir.2008)). If the court finds that both questions are answered in the affirmative, then the court must determine if "any federal statute or policy renders the claim nonarbitrable." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir.2004) (citing *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir.2002). Since neither party argues that a federal statute or policy renders the arbitration clause unenforceable, we limit our inquiry to the first step.

To determine whether the parties formed a valid agreement to arbitrate the court applies ordinary principles of state contract law. *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir.2002)(citation omitted). Under Louisiana law, four elements are required for a valid contract: (1) capacity to contract; (2) mutual consent; (3) a lawful cause; and (4) a valid object. *Granger v. Christus Health Central La.*, 144 So.3d 736, 760–61 (La.2013)(citations omitted).

Plaintiff first argues that the three "Terms of Employment Notice" do not create an employment contract between plaintiff and the defendants. She then concludes, without any legal support, that, since the notices do not create an employment contract, no arbitration clause exists. Defendants concede that the notices do not constitute an employment contract. Rather, they contend

that they show the terms by which plaintiff agreed to perform services for the defendants in exchange for compensation.

An agreement to arbitrate does not need to be included in an employment contract. *See, e.g. Marino v. Dillards, Inc.*, 413 F.3d 530 (5th Cir.2005)(a valid agreement to arbitrate was formed when plaintiff's employer provided plaintiff with a copy of "Rules of Arbitration" and a guidance memo concerning the new arbitration program and plaintiff acknowledged receipt thereof by signature), *Aguillard v. Auction Management Corp.*, 908 So.2d 1 (La.2005)(a valid agreement to arbitrate was formed when plaintiff agreed to certain terms and conditions, including an arbitration clause, when registering online for an auction). There is no support for plaintiff's argument that, since so employment contract was formed, a binding arbitration clause cannot exist. This argument is without merit.

Next plaintiff asserts that no agreement to arbitrate was formed because the first and third "Terms of Employment Notice" were only signed by plaintiff. She argues that since defendants failed to sign these notices, there is a clear lack of consent and intent to be bound.

Article 1927 of the Louisiana Civil Code which governs consent to contracts provides:

> A contract is formed by the consent of the parties established through offer and acceptance.
>
> Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstance is clearly indicative of consent.
>
> Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

La. Civ.Code Ann. art. 1927. In the case of *Marino v. Dillards, Inc.*, 413 F.3d 530, 532–33 (5th Cir.2005) the court examined Louisiana law and determined that arbitration agreements do not require written acceptance. The court noted that article 1927 states that action or inaction of the parties who

did not sign may show the validity of the contract. In *Marino* the court found that although a party to the contract did not sign, plaintiff's conduct of continued employment with the defendant was sufficient to indicate consent and the validity of the agreement to arbitrate. *See also Rico v. Cappaert Manufactured Housing, Inc.*, 903 So.2d 1284, 1289 (La.App. 3 Cir.2005)("It is well settled that a valid, written arbitration agreement need not be signed by the parties.").

Here, after she signed both the first and the third notice, plaintiff continued to work for the defendants and the defendants continued to compensate plaintiff according to the terms contained in the notices. We find that the conduct of both plaintiff and defendants evidences mutual consent to the terms in the notices, including the arbitration clause. Further, we note that the second "Term of Employment Notice" was signed by both parties and contains a valid arbitration clause.

While the second notice was signed by both parties, plaintiff nonetheless argues that the agreement is invalid because plaintiff's consent was vitiated by adhesion. She argues that she was presented with the second notice roughly seven months into her employment and had to make a decision to either "waive[] her constitutional right to a jury trial and continue working, or to instead refuse to sign the document and suffer adverse employment action." Doc. 31, p. 11. She goes on to state that as a single mother she took the only "reasonable action" and signed the document so that her employment and income would continue. *Id.* Plaintiff also argues that she was not on equal footing with the defendants since she was a single mother who needed a paycheck and the defendants were a two to three million dollar company.

The Louisiana Supreme Court considered the issue of whether an arbitration provision was adhesionary in the case of *Aguillard v. Auction Mgmt. Corp.*, 908 So.2d 1 (La.2005). The court stated that a contract of adhesion is "a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Often in small print, these

contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms." *Id.* at 8–9(citations omitted).  Plaintiff, as the party seeking to invalidate the agreement, must demonstrate that she "did not consent to the terms in dispute or [her] consent was vitiated by error, which in turn, renders the …provision unenforceable." *Id.* at 10(footnote omitted).

In *Aguillard* the court examined several factors to determine if the contract at issue was in fact adhesionary.[2]  Here, plaintiff only raises the issue of whether or not the difference in the bargaining positions between the parties justifies applying the principle of adhesion to the arbitration clause; so, we limit our discussion to this factor.  Essentially plaintiff argues that she was forced to sign the "Terms of Employment Notice" because she needed to continue receiving her paycheck.  We reject this argument.  Plaintiff has produced no evidence that she was unable to negotiate or simply reject the arbitration clause in the notice.  Furthermore, if plaintiff did not want to consent to arbitration she had the option of finding work elsewhere.  We also note that both the Supreme Court and the Fifth Circuit have upheld mandatory arbitration agreements as a condition to employment.  *See Circuit City Stores, Inc. v. Adams*, 121 S.Ct. 1302 (2001), *Marino v. Dillards, Inc.*, *supra.*

We also find that the dispute in question falls within the scope of the arbitration agreement.  The arbitration clause at issue is very broad and encompasses "any controversy or claim arising out of or relating to your employment with this company." Doc. 20, atts. 3–5.  Clearly plaintiff's claim for unpaid overtime wages is within the scope of the clause.

Since we find that the "Terms of Employment Notices" all contain valid agreements to arbitrate and that the agreement covers the dispute in question, we now turn to plaintiff's argument that defendants have waived their right to compel arbitration.

---

[2] The court looked at the font size of the arbitration clause versus other clauses in the contract, whether the arbitration clause was concealed or distinguished in any way from other sections of the contract, mutuality in the arbitration agreement, and difference in bargaining positions. *Aguillard,* 908 So.2d at 16-17.

*B. Did defendants waive their right to arbitration?*

Even though parties have entered into an agreement to arbitrate, "[t]he right to arbitrate a dispute, like all contractual rights, is subject to waiver." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421 (5th Cir. 2014)(citation omitted). "A party who has entered into an agreement to arbitrate must insist on this right, lest it be waived." *Janvey v. Alguire*, 847 F.3d 231, 243 (5th Cir.2017). Although waiver of arbitration "should not be inferred lightly," waiver will be found when the party seeking arbitration "(1) substantially invokes the judicial process and (2) thereby causes detriment or prejudice to the other party." *Id.* (citation omitted). We must, then, determine whether defendants substantially invoked the judicial process and whether plaintiff was prejudiced thereby.

In deciding whether defendants invoked the judicial process we consider whether they "at the very least, engage[d] in some overt act in court that evince[d] a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir.2004)(citation omitted). A bright-line rule has not been established in this circuit, rather, "[t]he question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir.2010)(citation omitted).

In this case, the docket reflects that plaintiff filed the complaint on September 7, 2016. Doc. 1. Plaintiff filed an amended complaint [doc. 3] and defendants filed an answer to the amended complaint on October 26, 2016 and to the original complaint on October 27, 2016. Docs. 4, 5. In neither answer do the defendants raise the defense of arbitration. Following a scheduling conference in which both parties participated, the matter was set for jury trial beginning on August 21, 2017. Docs. 10, 11. In June 2017 defendants filed a motion to extend expert deadlines. Doc. 15. In July

2017 plaintiff filed a motion to compel and a motion to extend the Daubert motion deadline.  Docs. 16, 17.  The trial date was upset by the court due to pending motions and a scheduling conference is currently set to choose a new trial date.  Doc. 18.  Both parties briefed the motion to compel. Docs. 16, 24, 29.  Following a ruling on that motion plaintiff filed a motion for reconsideration of the ruling and both parties filed their respective briefs.  Docs. 28, 33, 34.  A memorandum ruling was issued by the court denying the motion to reconsider.  Doc. 35.

In addition to the pleadings that are reflected on the docket sheet, the parties submit that they have engaged in written discovery and have deposed four defense witnesses and the plaintiff. Plaintiff's counsel also points out that after defense informed him of their intention to call an expert witness he prepared a Daubert objection to defendants' expert.  He further submits that he was in the initial stages of retaining an expert and that he expended time preparing for trial.

Defendants maintain that they did not discover the existence of the arbitration provision until plaintiff's deposition on June 29, 2017.  Once discovered, defendants assert that they immediately moved toward filing the motion before the court.  They argue that most steps taken in furtherance of this litigation were the result of plaintiff's actions or requests and plaintiff cannot show that she has been prejudiced because these same steps would have been taken in the arbitration proceeding.

In response, plaintiff points out that the three "Terms of Employment Notices" have always been in defendants' possession.  The documents were, in fact, provided to plaintiff in response to her discovery requests approximately eight month prior to her deposition.  Plaintiff argues that defendants should have known of the arbitration clause in their own contract and that by participating in this litigation in this court for over ten months they have waived their right to compel arbitration.

We agree and find that defendants have substantially invoked the judicial process.  Defendants filed two answers and never raised the issue of arbitration.  The parties filed pretrial motions,

conducted discovery, and the matter was even set for trial before defendants filed their motion to compel discovery. The defendants did not assert its right to arbitrate in a timely fashion which prevented this court from issuing a timely stay and preserving the time and effort of the court and the parties. *See, e.g.*, *Republic Ins. Co. v. PAICO Receivables, LLC*, *supra* (party that answered counterclaims, conducted full-fledged discovery including four depositions, amended its complaint, filed pretrial material, and numerous motions found to have waived its right to compel arbitration), *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159 (5th Cir.1986)(party that "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two motions for extensions of pretrial deadlines, all without demanding arbitration" waived its right to compel arbitration).

In addition to invoking the judicial process we must also find that plaintiff suffered prejudice. Prejudice refers to "delay, expense, and damage to a party's legal position." *In re Mirant Corp.*, 613 at 591(citation omitted). "While the mere failure to assert the right to demand arbitration does not alone translate into a waiver of that right, such failure does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Republic Ins. Co.*, 383 F.3d at 346(citation omitted). Furthermore, when a party fails to invoke an arbitration clause and "engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced." *Id.* at 347(citation omitted).

Plaintiff submits that she has engaged substantial pretrial activity, incurred significant legal fees, participated in and incurred costs associated with discovery, conducted depositions, and prepared for trial. These are precisely the expenses of litigation that arbitration is designed to avoid. *See Price v Drexel Burnham Lambert, Inc.*, 791 F.2d at 1160 ("Moreover, discovery—whether

meaningful or otherwise—is not available in arbitration, and could properly form the basis for a finding of prejudice."), *Janvey v. Alguire*, 847 at 244 ("One of the primary justification for enforcement of private dispute resolution is the avoidance of large litigation costs, including discovery. Parties cannot enjoy the benefits of federal discovery, and then, after doing so, seek to enforce a decision through private resolution.") Also plaintiff would be prejudiced by having to, in effect, start over in the arbitration forum after having spent over a year in this court. Given these facts, we conclude that compelling arbitration would indeed prejudice plaintiff.

### III.
### CONCLUSION

For the reasons stated the Motion to Compel Arbitration and to Dismiss or Alternately to Stay [Doc.20] filed by defendants should be and it is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 16th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE